J-S05035-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KIRBY STEWART A/K/A KEVIN | : | |
| WILLIAMS, | : | |
| | : | |
| Appellant | : | No. 1443 MDA 2019 |

Appeal from the PCRA Order Entered August 19, 2019
in the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0004395-1999

BEFORE: SHOGAN, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: **FILED MARCH 16, 2020**

Kirby Stewart, a/k/a Kevin Williams ("Stewart"), appeals, *pro se*, from the Order denying his serial Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). **See** 42 Pa.C.S.A. §§ 9541-9546. We affirm.

Following a non-jury trial, Stewart was convicted of first-degree murder. The trial court sentenced Stewart to life in prison without parole. This Court affirmed Stewart's judgment of sentence, and on August 20, 2001, the Pennsylvania Supreme Court denied allowance of appeal. **See Commonwealth v. Stewart**, 777 A.2d 510 (Pa. Super. 2001) (unpublished memorandum), **appeal denied**, 784 A.2d 117 (Pa. 2001).

Following numerous unsuccessful PCRA petitions, on April 22, 2019, Stewart filed a *pro se* "Motion to Open and Vacate Order/Sentence Pursuant to [42 Pa.C.S.A. § 5505]," which the PCRA court treated as a PCRA Petition,

and subsequently denied without a hearing.[1]    Stewart filed a timely Notice of Appeal.  The PCRA court filed an Order, pursuant to Pa.R.A.P. 1925(b), directing Stewart to file a concise statement of matters complained of on appeal.

On appeal, Stewart presents the following questions for our review:

I. Whether the [PCRA] court abused its discretion in denying relief [under 42 Pa.C.S.A. § 5505]?

II. Whether a petitioner can be "time barred" while on a pending collateral appeal?

III. Whether the PCRA court & Superior Court erred in its decision to deny second PCRA, when other courts recognize and "grant relief" in similarly situated cases?

Brief for Appellant at 3 (brackets and capitalization omitted).

We review an order [denying] a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of the record.  We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Initially, our review of the record discloses that Stewart never filed a court-ordered Pa.R.A.P. 1925(b) concise statement.  *See* Pa.R.A.P. 1925(b).

---

[1] The PCRA court failed to issue a Pa.R.Crim.P. 907 notice before denying relief.  Nevertheless, Stewart failed to raise this issue on appeal.  Further, this omission is not reversible error where, as here, "the record is clear that the petition is untimely," and no timeliness exceptions were invoked. *Commonwealth v. Zeigler*, 148 A.3d 849, 852 n.2 (Pa. Super. 2016).

Thus, Stewart's claims are waived. *See* Pa.R.A.P. 1925(b)(4)(vii); *Commonwealth v. Castillo*, 888 A.2d 775, 780 (Pa. 2005) (stating that "[a]ny issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived."); *see also Commonwealth v. Mason*, 130 A.3d 601, 635-36 (Pa. 2015) (stating that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Nevertheless, even if Stewart had complied with the trial court's Order to file a Rule 1925(b) concise statement, we would conclude that the PCRA court properly held that it did not have jurisdiction over the PCRA Petition. Any PCRA petition "shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id.* § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Stewart's judgment of sentence became final in November 2001, when the time to file a petition for writ of *certiorari* with the United States Supreme Court expired. *See* 42 Pa.C.S.A. 9545(b)(3); SUP. CT. R. 13. Thus, Stewart's Petition is facially untimely.

However, Pennsylvania courts may consider an untimely petition if the petitioner can explicitly plead and prove one of three exceptions set forth at 42 Pa.C.S.A. §§ 9545(b)(1)(i)-(iii). Any PCRA Petition invoking one of the exceptions "shall be filed within one year of the date the claim could have been presented." *Id.* § 9545(b)(2).

Here, Stewart did not prove any of the three timeliness exceptions.[2] Therefore, we lack jurisdiction to address the merits of his claims on appeal.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/16/2020

---

[2] Stewart purports to invoke the "newly-discovered facts" exception at 42 Pa.C.S.A. § 9545(b)(1)(ii). Stewart alleges that in September 2018, he discovered that the Commonwealth had "established [b]onds" on him before and after he was arrested, "without [Stewart's] consent or knowledge, which is a fraud, by mail and/or wire." *See* Brief for Appellant at 15. Stewart does not explain what he means by "bonds," how this constitutes newly-discovered facts, or how these "facts" could not have been ascertained by the exercise of due diligence. *See* 42 Pa.C.S.A. § 9545(b)(1)(ii).